| | |
|---|---|
| ZENAIDO VALADEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 20-9081-MCS (SP)<br><br>**MEMORANDUM AND ORDER DENYING POSTPONEMENT REQUEST AND SUMMARILY DISMISSING ACTION** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

On October 2, 2020, "petitioner" Zenaido Valadez – who has not actually yet filed a petition in this Court – filed a document titled "Declaration in Support of Request to Postpone Deadline for Petition of Federal Habeas Corpus." Petitioner is a California state prisoner who requests an indefinite extension of time to file a petition for writ of habeas corpus in federal court. Specifically, it appears that petitioner is seeking an enlargement of his time under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254. The relief petitioner requests cannot be granted.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See*

*Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968).  Because petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before this Court.  This Court therefore lacks jurisdiction to grant a motion to extend petitioner's time to file a federal habeas petition or to otherwise decide the timeliness of some such potential future petition.  *See U.S. v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); *McDade v. Warden*, 2010 WL 4795377, at *1 (C.D. Cal. 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); *see also Calderon v. Ashmus,* 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); *U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

      Petitioner contends he is still exhausting his state remedies, and COVID-19 has made it almost impossible to access the prison law library.  If and when petitioner files a habeas petition in this Court, and if the timeliness of that petition is questioned, this Court can consider whether petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or to equitable tolling.  But those are matters that cannot be decided at this juncture.

///
///
///

IT IS THEREFORE ORDERED that petitioner's request for postponement of the deadline for him to file a habeas corpus petition is DENIED, and that Judgment be entered summarily dismissing this action without prejudice.

DATED: October 22, 2020

_____
HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE